**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4138**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHAETEZ SEAN CLAYTON, a/k/a Sticky,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:20-cr-00076-KDB-DSC-1)

Submitted:  March 21, 2023                               Decided:  March 23, 2023

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Leslie Carter Rawls, Charlotte, North Carolina, for Appellant.  Anthony Joseph Enright, Assistant United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chaetez Sean Clayton appeals his conviction, following a jury trial, for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On appeal, Clayton's sole argument is that he received constitutionally ineffective assistance of counsel because his trial attorney failed to call a witness Clayton asserts would have provided exculpatory testimony. The Government moves to dismiss Clayton's appeal on the ground that the record does not conclusively establish that counsel was ineffective and therefore Clayton's ineffective assistance claim is not cognizable on direct appeal. Clayton opposes the Government's motion. For the following reasons, we deny the Government's motion to dismiss but affirm the criminal judgment.

To succeed on an ineffective assistance of counsel claim, a "defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). To establish prejudice, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

We will not consider ineffective assistance claims on direct appeal unless the record conclusively shows that counsel was ineffective. *United States v. Campbell*, 963 F.3d 309, 319 (4th Cir. 2020). Generally, a defendant should raise ineffectiveness claims in a 28

2

U.S.C. § 2255 motion, to permit sufficient development of the record. *See Massaro v. United States*, 538 U.S. 500, 504-06 (2003).

Clayton argues that trial counsel's ineffectiveness is apparent on the record because Clayton referred to an exculpatory witness during his sentencing hearing. However, Clayton's own statements at sentencing are insufficient to conclusively establish that trial counsel's performance was deficient. Moreover, even if Clayton's statement that the witness would have provided exculpatory evidence is accepted at face value, Clayton has not shown a reasonable probability that the outcome of the proceeding would have been different. Because we conclude that the record does not conclusively establish Clayton's claim that he received ineffective assistance of counsel, this claim is not cognizable on direct appeal.

Accordingly, we deny the Government's motion to dismiss but affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*